OPINION *Page 2 
{¶ 1} On November 4, 2005, the Stark County Grand Jury indicted appellant, Travon Baker, on one count of trafficking cocaine in violation of R.C. 2925.03(A)(1), with a specification that the offense occurred in the vicinity of a juvenile. Said charge arose from an incident wherein appellant sold crack cocaine to a confidential informant at Little Aviators Field in Alliance, Ohio. Appellant was preparing to coach pee-wee football.
 {¶ 2} On December 15, 2005, appellant filed a motion to suppress evidence seized as a result of an illegal traffic stop. A hearing was held on February 28, 2006. By judgment entry filed March 2, 2006, the trial court denied the motion.
 {¶ 3} A jury trial commenced on March 2, 2006. The jury found appellant guilty as charged. By sentencing entry filed March 14, 2006, the trial court sentenced appellant to eight years in prison.
 {¶ 4} Appellant filed an appeal. By opinion and judgment entry filed February 20, 2007, this court upheld appellant's conviction, but remanded the matter for resentencing in light of State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856. See, State v. Baker, Stark App. No. 2006CA00079, 2007-Ohio-739.
 {¶ 5} On April 18, 2007, appellant filed an application to reopen his appeal pursuant to App.R. 26(B), challenging the effectiveness of his appellate counsel. This court granted the motion on May 22, 2007 for the limited issue of appellate counsel's failure to assign as error trial counsel's failure to subpoena the confidential informant. This matter is now before this court for consideration. Assignments of error are as follows: *Page 3 
 I {¶ 6} "APPELLANT RECEIVED PREJUDICE TO HIS COEXTENSIVE SIXTH AMENDMENT RIGHT TO HAVE EFFECTIVE ASSISTANCE OF APPELLATE COUNSEL."
 II {¶ 7} "APPELLANT RECEIVED INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL PURSUANT TO COUNSEL'S FAILURE TO INVOKE SUBSTANTIVE SAFEGUARD OF SIXTH AMENDMENT'S CONFRONTATION CLAUSE, WHICH UNDERPINS A FAIR TRIAL."
 I, II {¶ 8} Both assignments claim deficiency with appellate counsel. Specifically, appellant claims his appellate counsel failed to assign as error in the direct appeal the failure of trial counsel to subpoena the confidential informant. We disagree.
 {¶ 9} The standard this issue must be measured against is set out inState v. Bradley (1989), 42 Ohio St.3d 136, paragraphs two and three of the syllabus, certiorari denied (1990), 497 U.S. 1011. Appellant must establish the following:
 {¶ 10} "2. Counsel's performance will not be deemed ineffective unless and until counsel's performance is proved to have fallen below an objective standard of reasonable representation and, in addition, prejudice arises from counsel's performance. (State v. Lytle [1976], 48 Ohio St.2d 391, 2 O.O.3d 495, 358 N.E.2d 623; Strickland v.Washington [1984], 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, followed.) *Page 4 
 {¶ 11} "3. To show that a defendant has been prejudiced by counsel's deficient performance, the defendant must prove that there exists a reasonable probability that, were it not for counsel's errors, the result of the trial would have been different."
 {¶ 12} We note in the direct appeal in Assignment of Error III, appellant raised the issue of the credibility of the confidential informant via Evid.R. 609, impeachment of evidence by conviction of crime. In reviewing this assignment, we noted at ¶ 38 the confidential informant was never a witness and therefore her credibility was not at issue:
 {¶ 13} "Appellant sought to use the confidential informant's criminal record to impeach her. Impeachment is used to challenge the sworn testimony of a witness. Ms. Williams did not testify during the trial and was not a sworn witness. The purpose of Evid.R. 609 is to permit impeachment of a witness. Ms. Williams was not a witness and therefore the rule does not apply sub judice."
 {¶ 14} In its November 16, 2005 response to request for discovery, the state named a possible witness for trial, a confidential informant, but did not disclose her name. On November 30, 2005, the state filed a praecipe for a subpoena to be issued to the confidential informant at the Alliance Police Department. A December 7, 2005 return of this subpoena was filed, noting it was served on December 5, 2005 via "residence service* * *by leaving with Busche." On December 15, 2005, defense counsel filed a motion to reveal the identity of the confidential informant. On January 12, 2006, defense counsel filed a motion in limine regarding the testimony of the confidential informant, and mentioned her by name: *Page 5 
 {¶ 15} "Pursuant to Crim.R. 47, Counsel for the Defendant, Travon Baker, moves this Honorable Court for an Order forbidding the State from introducing evidence at trial of any and all statements, conversations, or utterings of Lakrisha Williams.
 {¶ 16} "As grounds for this motion, Counsel recites that Ms. Williams' address and presence is unknown to counsel. Counsel reasonably believes that her whereabouts are unknown to the State. Counsel recites that certain statements, conversations, or utterings are heard on a video which the State intends to introduce as evidence. Likewise, an audio tape contains statements, conversations, or utterings of Lakrisha Williams.
 {¶ 17} "Counsel argues that Ms. Williams is an unavailable witness who has previously given no sworn testimony. Counsel has had no opportunity to confront Ms. Williams in any legal forum."
 {¶ 18} On same date, January 12, 2006, the state filed a supplemental response to discovery, naming the confidential informant, Lakrisha Williams, as an additional witness and naming the Alliance Police Department as her address, and supplied a copy of her criminal history. Thereafter, on February 8, 2006, the state filed a praecipe for a subpoena to be issued to Lakrisha Williams, again listing the Alliance Police Department as her address. A February 10, 2006 return of this subpoena was filed, noting it was served on February 9, 2006 via "residence service* * *by leaving with police desk."
 {¶ 19} During the February 28, 2006 hearing on the suppression motion, the state concurred with appellant's motion in limine, stating "[t]he confidential informant is unavailable and outside of our scope of obtaining her for trial." February 28, 2006 T. at *Page 6 
7-8. The trial court granted the motion in limine. Id. at 8. The state then requested its own motion in limine, seeking to exclude any mention of the confidential informant's criminal history. Id. at 9. The trial court defined the scope of inquiry regarding the confidential informant as follows:
 {¶ 20} "THE COURT: Well, I certainly can understand that point, Mr. Mackey, and I certainly feel that you have, and I will rule that you have every right to examine, as to, ah, whether, ah, procedures were followed, ah, in utilizing this individual, prior to going to the event and then subsequent to the event. And I think that that is a proper subject of cross-examination, ah, by you.
 {¶ 21} "However, I'm questioning what we're focusing on at this point is this person's prior criminal history, when the individual is not going to testify. I think that's the issue, isn't it?
 {¶ 22} "MR. MACKEY: It is.
 {¶ 23} "THE COURT: All right. Okay.
 {¶ 24} "* * *
 {¶ 25} "THE COURT: * * *Ah, what I'm asked to rule on right now is whether the criminal record of the confidential informant, when the confidential informant is not going to be testifying, should come before the jury. So let's confine our discussions to that, gentlemen.
 {¶ 26} "* * *
 {¶ 27} "THE COURT: * * *The counsel are advised and directed by the Court that prior to bringing that matter up, um, that you are required to come before the Court so that we can discuss it at that time. Just so that there is some preliminary ruling and you *Page 7 
have something to have, that you can plan your strategy at this point in time, the Court is doing this as a motion in limine. Court is going to grant the motion in limine; however, I will consider it at that point we get to it in the trial." T. at 12-14.
 {¶ 28} Given the state of the record, the unavailability of the confidential informant, and defense counsel's success on appellant's motion in limine, we find no deficiency by defense counsel or appellate counsel.
 {¶ 29} Assignments of Errors I and II are denied.
 {¶ 30} The judgment of the Court of Common Pleas of Stark County, Ohio is hereby affirmed.
 Farmer, J., Gwin, P.J. and Edwards, J., concur. *Page 8 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio is affirmed. *Page 1